RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/15/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **NOLAN C. DAVIS, SR.** | **DOCKET NO. 12-CV-19; SEC. P** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **BURT MICHOT** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Nolan C. Davis, Sr., filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently incarcerated at Allen Correctional Center. The incident complaint of allegedly occurred at the J. Levy Dabadie Correctional Center (JLDCC) in Pineville, Louisiana. Plaintiff complains that he was denied timely medical care. He names as defendants Burt Michot (the director of nursing at JLDCC), as well as Warden McCain and Warden Slay.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Factual Allegations*

Plaintiff alleges that on Wednesday, October 12, 2011, he went to sick call because he was experiencing diarrhea and pain in his side and lower abdomen. Defendant Michot ordered lab tests, and blood was drawn and stool samples were taken from Plaintiff. That weekend, Plaintiff went to the shift command post and complained of pain. Plaintiff alleges that he was given a Gatorade packet to

keep from dehydrating. Plaintiff was also advised to go to sick call the next morning, which Plaintiff did.

On December 4, 2011, Plaintiff had a scheduled medical call out. He complained of pain in his side and lower abdomen. After examining Plaintiff, the doctor determined that Plaintiff should be transported to the emergency room. Plaintiff had an appendectomy at the hospital and was returned to JLDCC when discharged.

### Law and Analysis

Plaintiff has named as defendants Burt Michot, the Director of Nursing at JLDCC, Warden McCain and Warden Slay. Plaintiff complains that, as director of nursing, Michot is liable for a delay in medical care, as well as the wardens. In order to maintain a viable claim for delayed medical treatment, there must have been deliberate indifference resulting in harm. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). "Deliberate indifference is an extremely high standard to meet." Domino v. Texas. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir.2001). The plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation marks and citation omitted). Even unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's

disagreement with his medical treatment, absent exceptional circumstances. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir.2006).

When Plaintiff first complained of abdominal pain and diarrhea in October, he was examined, treated, and had lab work performed. This demonstrates that Plaintiff's complaint of diarrhea and abdominal pain was certainly not ignored. There are no complaints of pain, vomiting, diarrhea, or other illness from mid-October until December 4, 2011. On December 4th, Plaintiff was examined, and it was determined that he needed to go to the hospital for possible appendicitis. He was taken to the hospital at that time.

Although Plaintiff assumes that his illness of mid-October 2011, is related to the appendix rupture a month and a half later on December 4, 2011, this is only a conclusory allegation. Plaintiff has not alleged that he was ever denied treatment, or that he even complained of pain, at any time between October 12th and December 4th, 2011. Plaintiff received prompt medical attention each time that he requested same. He has not identified acts of deliberate indifference by any of the defendants. As noted above, even if Plaintiff could show that the defendants were negligent in any way, he would still fail to state a claim. Gobert v. Caldwell, 463 F.3d at 346.

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights

complaint be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c), and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15 day of October, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4